**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
Harrisonburg Division

| | |
|---|---|
| IN RE:<br>GENE GARY SERRETT<br>DONNA LYNN SERRETT<br>    Debtors<br>_____<br>SETERUS, INC., AS THE AUTHORIZED<br>SUBSERVICER FOR FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION ("FANNIE MAE"),<br>CREDITOR C/O SETERUS, INC.<br>    Movant<br>v.<br>GENE GARY SERRETT<br>DONNA LYNN SERRETT<br>    Debtors/Respondents<br>and<br>HERBERT L. BESKIN<br>    Trustee/Respondent | Case No. 15-50411-RBC<br><br>Chapter 13 |

## AGREED ORDER MODIFYING AUTOMATIC STAY

This matter comes before the court on the Motion for Relief from Automatic Stay filed on July 25, 2017 (the "Motion") on behalf of Seterus, Inc., as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. (the "Movant"), by counsel.

WHEREAS, the Movant is the current holder of the promissory note in the original principal amount of $163,500.00 (the "Note"), the payment of which is secured by a Deed of Trust dated June 25, 2007 (the "Deed of Trust"), which Deed of Trust encumbers real property known as 814 Laurel Hill RD, Verona, VA 24482-2631 (the "Property) and more particularly described as follows:

LAND TOGETHER WITH ALL BUILDINGS AND IMPROVEMENTS THEREON IN THE BEVERLEY MANOR DISTRICT OF AUGUSTA COUNTY, VIRGINIA, CONTAINING 0.989 ACRE, DESCRIBED ON A PLAT DATED APRIL 22, 1996, MADE BY BARRY E. LOTTS, PC, ENTITLED "PHYSICAL SURVEY OF LOT 2 AND A 0 FOOT PARCEL, R.M. SUNDERLIN`S PLAT FOR GARLAND N. BEASLEY, JR. AND CRYSTAL D. BEASLEY" OF RECORD IN THE AUGUSTA COUNTY CLERK`S OFFICE IN DEED BOOK 1258, PAGE 201.
PARCEL NO. 47A-(1)-2

WHEREAS, Gene Gary Serrett and Donna Lynn Serrett (the "Debtors") and the Movant have reviewed the Motion and reached an agreement in this matter, the terms of which are set forth herein,

_____
Andrew Todd Rich, VSB# 74296
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (Phone)
*Counsel for the Movant*

NOW THEREFORE, it is hereby

**ORDERED**

that the automatic stay imposed by 11 U.S.C. §362(a) shall be and the same is MODIFIED, pursuant to 11 U.S.C. §362(d), to permit the Movant to take such action as may be necessary to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that the provisions lifting the automatic stay in this Agreed Order Modifying the Automatic Stay (the "Agreed Order") are stayed, contingent upon the Debtors' continued compliance with the terms of this Agreed Order, and provided that the following conditions are met:

1. The Debtors will resume making regular monthly installment payments in the amount of $741.69 (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing on September 1, 2017. Late payments will include applicable late charges in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment). The Debtor shall provide to the Chapter 13 Trustee (the "Trustee"), within twenty-one (21) days of entry of this order, evidence that a recurring and automatic bill pay at their bank has been established for the purpose of remitting the ongoing mortgage payments to the Movant.

2. The Debtors will cure the post-petition arrearage currently due to the Movant through August 1, 2017 in the total amount of $6,044.99, which includes 7 post-petition monthly payments due from February 1, 2017 through August 1, 2017 in the amount of $741.69 each, filing fees of $181.00, attorney's fees of $850.00, and credit for funds currently in suspense in the amount of $177.84, by filing an Amended/Modified Chapter 13 Plan (the "Amended Plan"), which Amended Plan shall provide that the arrearage will be paid by the Trustee, along with any outstanding pre-petition arrearage, to the Movant for the remaining life of the current bankruptcy case. The Debtors shall file the Amended Plan within twenty-one (21) days of the entry of this Agreed Order. After the Amended Plan is confirmed, the Trustee shall be authorized to disburse the additional post-petition arrears to the Movant, and the Movant may file an amended or supplemental proof of claim to include the post-petition arrearage set forth herein.

3. All payments shall be made payable to the Movant at the following address:

    Seterus, Inc.
    P.O. Box 1047
    Hartford, CT 06143

4. In the event that any payment set forth in this order is not received by the Movant within 15 days after it is due, or if the Debtors do not file the Amended Plan within 21 days of the entry of this order, the Movant may mail a notice of default to the Debtors by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtors' counsel and the Trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtors. The notice of default will state in simple and plain language:

    a. That the Debtors are in default in making at least one payment required under this

       order or in timely filing the Amended Plan;
- b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
- c. The action necessary to cure the default, including any address to which payments must be mailed;
- d. That the Debtors or Trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
    - i. cure the default;
    - ii. file an objection with the court stating that no default exists; or
    - iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
- e. That if the Debtors or Trustee do not take one of the actions set forth in paragraph 4(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the Debtors; and
- f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

       If the Debtors or Trustee do not take one of the actions set forth in paragraph 4(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtors nor the Trustee have taken one of the actions set forth in paragraph 4(d) and may submit together with the certificate a draft order, endorsed by the Trustee, terminating the automatic stay.

       If the Debtors or Trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtors, Debtors' counsel and the Trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtors, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtors payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtors default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

       IT IS FURTHER ORDERED that if the holder of any other Deed of Trust encumbering the Property obtains relief from the automatic stay, then the Movant herein is automatically granted relief from the automatic stay.

       IT IS FURTHER ORDERED that upon entry of an order terminating the stay, the Trustee will cease making payments on the Movant's secured claim which were required by the plan. Within 180

days of the entry of an order terminating the stay, the Movant must file an amended unsecured claim for any deficiency (which claim must include documentation proving that the Movant has liquidated its collateral and applied the proceeds of sale in accordance with applicable state law) or such claim against the bankruptcy estate shall be forever barred.

IT IS FURTHER ORDERED that the Movant shall promptly notify the Court and the Trustee in writing of the results of any foreclosure sale of the Property conducted by the Movant, and shall pay to the Trustee any excess funds received from that foreclosure sale. Upon payment of the funds as set forth herein, the Movant shall be free of any further duties or responsibilities in regards to the excess proceeds paid to the Trustee.

IT IS ORDERED.

Date: August 24, 2017

*/s/ Rebecca B Connelly*
United States Bankruptcy Judge
for the Western District of Virginia
Harrisonburg Division
Entered on Docket: August 24, 2017

**WE ASK FOR THIS:**

*/s/  Andrew Todd Rich*
Andrew Todd Rich, VSB# 74296
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
*Counsel for the Movant*

**SEEN AND AGREED:**

*/s/ H. David Cox*
H. David Cox
900 Lakeside Drive
Lynchburg, VA 24501
*Counsel for the Debtors*

**SEEN:**

*/s/ Herbert L. Beskin*
Herbert L. Beskin, Trustee
P.O. Box 2103
Charlottesville, VA 22902
*Chapter 13 Trustee*

## **CERTIFICATION**

      I HEREBY CERTIFY that the foregoing proposed Agreed Order Modifying the Automatic Stay has been endorsed by or on behalf of all necessary parties.

                                        /s/  *Andrew Todd Rich*
                                        Andrew Todd Rich
                                        Counsel for the Movant

cc:

BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229

Herbert L. Beskin, Trustee
P.O. Box 2103
Charlottesville, VA 22902

H. David Cox
900 Lakeside Drive
Lynchburg, VA 24501

Gene Gary Serrett
814 Laurel Hill Road
Verona, VA 24482

Donna Lynn Serrett
814 Laurel Hill Road
Verona, VA 24482